# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

FONTAINE L. BAKER,
       **Petitioner,**

    v.                                                                                       Case No. 04C0007

PHIL KINGSTON,[1]
       **Respondent.**

## DECISION AND ORDER

Petitioner Fontaine Baker, a Wisconsin state prisoner, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state court conviction after a jury trial of first-degree reckless homicide, for which he received a sentence of forty years in prison. In his petition, petitioner raised four claims: (1) that his trial attorneys were ineffective for failing to strike a juror who declined to state that she could be fair; (2) that the state courts applied an incorrect standard to his Batson claim; (3) that the trial court's erroneous exclusion of evidence denied him a fair trial; and (4) that the evidence against him was insufficient to support a conviction.[2] In his brief, petitioner added additional claims, i.e., that his appellate counsel was ineffective for not arguing that his trial attorneys were ineffective for (5) failing to object when the prosecutor allegedly failed to turn over exculpatory evidence; (6) failing to ask for a continuance to locate a witness; and (7) failing to cross

---

[1] I have amended the caption to reflect that petitioner's present custodian is Phil Kingston. See Rules Governing § 2254 Cases, Rule 2(a); Dolis v. Chambers, 454 F.3d 721, 722 n.1 (7th Cir. 2006).

[2] Petitioner also claimed that the post-conviction court erred in denying him a hearing on his ineffective assistance claim. I will treat this claim as a request for an evidentiary hearing.

examine a witness. Respondent argues that petitioner procedurally defaulted all of his claims except the first and that his first claim fails on the merits.

## I. CLAIMS (2), (3) AND (4)

Petitioner did not seek state supreme court review of his second, third and fourth claims, and thus did not exhaust them. See O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999). Petitioner claims that he failed to exhaust because his appellate counsel abandoned him. I construe this assertion as an attempt by petitioner to establish "cause" for his default. See Gomez v. Jaimet, 350 F.3d 673, 679 (7th Cir. 2003) (stating that "[w]hen a petitioner has procedurally defaulted a claim, a federal court cannot reach the merits of that claim unless the petitioner demonstrates: (1) cause for and actual prejudice arising from failing to raise the claim as required, or (2) that enforcing the default would lead to a "fundamental miscarriage of justice").

A petitioner may establish cause for a procedural default by demonstrating that his appellate counsel was ineffective. Edwards v. Carpenter, 529 U.S. 446, 451 (2000). However, "a procedurally defaulted ineffective-assistance-of-counsel claim can serve as cause to excuse the procedural default of another habeas claim only if the habeas petitioner can satisfy the 'cause and prejudice' standard with respect to the ineffective-assistance claim itself." Id.; see also Lewis v. Sternes, 390 F.3d 1019, 1026 (7th Cir. 2004) (citing Carpenter, 529 U.S. at 452-54). Petitioner has not exhausted a claim that his appellate counsel was ineffective for failing to petition the state supreme court for review of his second, third and fourth claims. Further, he makes no cause and prejudice

2

argument with respect to such claims. Thus, petitioner has defaulted his Batson, exclusion of evidence and insufficient evidence claims.

## II. CLAIMS (5), (6) AND (7)

Petitioner has requested leave to amend his petition to add his fifth through seventh claims. Respondent argues that such claims are untimely. The Supreme Court recently determined that when a habeas petitioner seeks to amend his petition after AEDPA's one-year time limit has passed, the amended petition does not relate back (and thus does not avoid the time bar) when it asserts a new ground for relief "supported by facts that differ in both time and type from those the original pleading set forth." Mayle v. Felix, 125 S. Ct. 2562, 2566 (2005). Under Felix, petitioner's claims are likely untimely; however, I find it easier to deny them on the merits. See King v. Cunningham, 442 F. Supp. 2d 171, 179 (S.D.N.Y. 2006) (denying a habeas claim on the merits rather than determining whether it was untimely under Felix); Davis v. Booker, No. 04-CV-40087-FL, 2006 U.S. Dist. LEXIS 75712, at *19 (E.D. Mich. Oct. 18, 2006) (same).

Petitioner's fifth, sixth and seventh claims involve his allegation that his appellate counsel was ineffective for failing to argue that his attorneys were ineffective in failing to make certain arguments. In order to prevail on an ineffective assistance claim, petitioner must show that his lawyer performed deficiently and that such deficient representation prejudiced him. Strickland v. Washington, 466 U.S. 668 (1984).

Petitioner's fifth claim is that his trial counsel performed deficiently by failing to object to the state's failure to turn over exculpatory evidence, i.e., the second of two statements that Johnny Howard made to the police. However, a police officer testified at

3

trial that Howard's second statement was vague and nonresponsive, and that he therefore did not prepare a report of it, and Howard testified on behalf of petitioner that he never spoke to the officer at all. Thus, the state court correctly determined that petitioner failed to show that Howard's second statement was exculpatory. And because the prosecutor did not commit a Brady violation by failing to provide petitioner with a report of it, petitioner's trial counsel did not perform deficiently by failing to object to the prosecution's alleged failure.

Petitioner's sixth claim is that his trial attorneys were ineffective for failing to ask for a continuance to locate a defense witness. At a Miranda hearing prior to trial, the state attributed a statement to petitioner, which petitioner claims was made by his cousin. Petitioner believes that his attorneys should have delayed the hearing to locate his cousin. The state court rejected petitioner's claim because petitioner failed to allege facts showing that petitioner's trial counsel could have located the cousin and that the cousin's testimony would have been material. Petitioner presents nothing suggesting that the trial court erred in rejecting the claim.

Petitioner's seventh claim is that his attorneys were ineffective at the Miranda hearing for failing to cross-examine a detective concerning whether petitioner or his cousin made the statement referred to in petitioner's sixth claim. The state court found that petitioner failed to show how cross-examination of the detective would have benefitted him. Again, petitioner presents nothing to suggest that the state court ruled incorrectly.

Therefore, petitioner's claim that his appellate counsel was ineffective for not arguing that his trial attorneys were ineffective on the grounds described above fails.

4

## III. CLAIM (1)

Because petitioner was charged with killing a thirteen year old girl, the prosecutor asked prospective jurors whether they had teen-aged children. Several venire-persons raised their hands, and the prosecutor asked whether each could be fair. Juror Kathleen Ehlinger responded, "I have a fourteen-year-old. It may be difficult." (Br. in Opp'n Ex. A at 51.) The prosecutor then asked her "[i]f the judge instructed you to do that, do you think you can?" (Id.) Ehlinger stated, "I would attempt to." (Id.) Neither the court nor counsel further questioned Ehlinger individually. Petitioner's counsel addressed prospective jurors en masse as follows:

> Can you all give a fair trial to a man accused of shooting a thirteen-year-old girl? I know some of you have children. You're all human beings. Can you all put that aside? Are you able to give him a fair trial despite what they claim he did. Would you all do that for him? Anybody who can't?

(Id. at 60.) Ehlinger did not raise her hand. Petitioner's counsel did not attempt to strike Ehlinger for cause or use a peremptory strike to excuse her.

Petitioner brought a post-conviction motion asserting that his trial attorneys were ineffective for failing to strike Ehlinger and asked for a Machner hearing.[3] The court declined to hold a hearing and denied petitioner's motion, finding that Ehlinger's statement that she would attempt to be fair "indicated her willingness to be impartial." (Br. in Supp. attached Decision of July 10, 2001 at 4.) The state court of appeals affirmed, holding that "[b]y remaining silent [in response to petitioner's lawyers' en masse questions], Ehlinger

---

[3]A Machner hearing is one in which a post-conviction court examines a colorable claim of ineffective assistance in order to determine "whether trial counsel's actions were the result of incompetence or deliberate trial strategies." State v. Machner, 92 Wis. 2d 797, 804 (Ct. App. 1979).

5

indicated her willingness to act impartially and to set aside any bias." State v. Baker, No. 01-2059-CR, 2002 Wisc. App. LEXIS 717, at *12 (Wis. Ct. App. June 25, 2002). The court of appeals did not mention Ehlinger's equivocal responses to the prosecutor's questions.

I first address the state court of appeals's factual finding that Ehlinger demonstrated that she could be impartial. I presume that such finding is correct. § 2254(e)(1). However, the record clearly establishes that the finding was wrong. At no time in her individual voir dire did Ehlinger state that she could be impartial. Moreover, neither her statement that she would attempt to be fair nor her silence in the face of petitioner's counsel's en masse questioning established her impartiality. See Hughes v. United States, 258 F.3d 453, 458 (6th Cir. 2001) (stating that juror's silence in response to en masse questions after she had previously said that she did not think she could be fair did not rehabilitate her); Thompson v. Altheimer & Gray, 248 F.3d 621, 626 (7th Cir. 2001) (stating that juror who said that she would do her best and try to be fair did not demonstrate impartiality and that trial court should have individually followed up rather than relying on en masse questioning); United States v. Gonzalez, 214 F.3d 1109, 1114 (9th Cir. 2000) (holding that juror who stated only that she would try to put her personal views about drug crimes aside should have been struck for cause); Johnson v. Armontrout, 961 F.2d 748, 754 (8th Cir. 1992) (finding that "an ambiguous silence by a large group of venire-persons to a general question about bias" was insufficient to support a state court's factual finding that jurors were impartial).

Because the record does not establish that Ehlinger was impartial, petitioner's attorneys may have been ineffective for not striking her. Petitioner had a Sixth Amendment right to an impartial jury. Patton v. Yount, 467 U.S. 1025, 1036 (1984); see also Thompson, 248 F.3d at 627 (stating that when a juror does not provide assurances that

she "can exercise a judgment unclouded by [a biased] belief, the verdict cannot stand"). If petitioner's attorneys had no strategic reason for not striking Ehlinger, they likely performed deficiently. See, e.g., Miller v. Webb, 385 F.3d 666, 675 (6th Cir. 2004) (stating that counsel was ineffective for failing to strike a juror who equivocated during voir dire as to whether she could be impartial). However, if petitioner's lawyers chose to leave Ehlinger on the jury for a sound strategic reason, they likely performed adequately. See Cage v. McCaughtry, 305 F.3d 625, 626-27 (7th Cir. 2002) (finding that counsel's decision not to strike a juror who responded equivocally to questions about his impartiality was strategic because counsel believed juror was likely to acquit); United States v. Quintero-Barraza, 78 F.3d 1344, 1349 (9th Cir. 1995) (finding that counsel had strategic reason for not striking a juror who said that it would be "difficult" to be impartial); but cf. Franklin v. Anderson, 434 F.3d 412, 428 (6th Cir. 2006) (stating that seating a biased juror cannot be a strategic decision).

However, because the state courts failed to inquire into the matter, I do not know whether petitioner's lawyers had a sound strategic reason for not striking Ehlinger. AEDPA does not restrict my authority to hold a hearing because the state courts' failure to develop evidence was not the fault of petitioner, who asked for but was denied a hearing. § 2254(e)(2); Holland v. Jackson, 542 U.S. 649, 653 (2004). Thus, as an "adequate record is imperative to properly evaluate ineffective assistance claims," Matheney v. Anderson, 253 F.3d 1025, 1040 (7th Cir. 2001), I will hold a hearing on the issue.

7

If the hearing establishes that petitioner's counsel performed deficiently, petitioner will then have to establish prejudice, possibly through a second hearing.[4] See Virgil v. Dretke, 446 F.3d 598, 613-14 (5th Cir. 2006) (stating that a state court unreasonably applied Strickland in finding that a defendant was not prejudiced by his counsel's failure to challenge jurors who stated that they could not be fair); United States ex rel. Harvey #K55075 v. Chandler, No. 03C3855, 2005 U.S. Dist. LEXIS 4981, at *38-39 (N.D. Ill. Mar. 21, 2005) (stating that when a petitioner claims ineffective assistance based on counsel's failure to strike a biased juror, prejudice is established by showing that the juror was actually biased against the defendant); cf. Smith v. Phillips, 455 U.S. 209, 215 (1982) (stating that where it is unclear whether the juror was impartial, "the remedy is a hearing in which the defendant has the opportunity to prove actual bias"); Oswald v. Bertrand, 374 F.3d 475, 482 (7th Cir. 2004) (finding that the right to an impartial jury is not subject to the doctrine of harmless error, since even "a clearly guilty criminal is entitled to be tried before an impartial tribunal").

Given my decision to hold a hearing, I will sua sponte appoint counsel for petitioner pursuant to Rule 8(c) of the Rules Governing Section 2254 Cases and 18 U.S.C. § 3006a(a)(2)(B), and I will set a status conference to discuss future proceedings.

## IV. CONCLUSION

Therefore,

**IT IS ORDERED** that all of petitioner's claims, except his claim that his trial counsel was ineffective for failing to move to strike Juror Ehlinger, are dismissed.

---

[4]Because the state court of appeals did not reach the prejudice prong of the ineffective assistance inquiry, I would address the issue de novo.

8

**IT IS FURTHER ORDERED** that Federal Defender Services, Inc., or an attorney it designates, is **APPOINTED** to represent petitioner.

**IT IS ADDITIONALLY ORDERED** that a status conference will be held on February 15, 2007, at 10:30 am. The conference will take place in Room 390, United States Courthouse, 517 East Wisconsin Avenue, Milwaukee, Wisconsin 53202.

Dated at Milwaukee, Wisconsin, this 26 day of January, 2007.

/s_____
LYNN ADELMAN
District Judge