# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**FONTAINE L. BAKER,**
    **Petitioner,**

  v.                   Case No. 04C0007

**MICHAEL THURMER,**
    **Respondent.**

## DECISION AND ORDER

Petitioner Fontaine Baker, a Wisconsin state prisoner, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a conviction of first-degree reckless homicide for shooting and killing a thirteen-year-old girl. Petitioner originally raised several grounds for relief. On January 26, 2007, I rejected most of these grounds but found that petitioner was entitled to a hearing on his claim that his trial counsel was ineffective for failing to strike a juror who declined to state that she could be fair. I appointed counsel for petitioner and presided over a hearing on the issue, which the parties have fully briefed.

The relevant facts are as follows: during voir dire, the prosecutor asked prospective jurors whether they had teen-aged children. Several venire-persons raised their hands, and the prosecutor asked whether each could be fair to a defendant accused of killing a young teen. Juror Kathleen Ehlinger responded, "I have a fourteen-year-old. It may be difficult." (Br. in Opp'n Ex. A at 51.) The prosecutor then asked her "[i]f the judge instructed you to do that, do you think you can?" (Id.) Ehlinger stated, "I would attempt to." (Id.) Neither the court nor counsel further questioned Ehlinger individually. Petitioner's counsel addressed prospective jurors en masse as follows:

> Can you all give a fair trial to a man accused of shooting a thirteen-year-old
> girl? I know some of you have children. You're all human beings. Can you
> all put that aside? Are you able to give him a fair trial despite what they
> claim he did. Would you all do that for him? Anybody who can't?

(Id. at 60.) Ehlinger did not raise her hand. Petitioner's counsel did not attempt to strike Ehlinger for cause or use a peremptory strike to excuse her. The Wisconsin Court of Appeals found that Ehlinger was impartial and thus rejected petitioner's ineffective assistance claim. In my January 26 decision, I rejected the state court's factual finding and thereafter held a hearing.

Respondent argues that I never should have held a hearing at all, suggesting that AEDPA barred me from holding a hearing unless clear and convincing evidence indicated that Ehlinger was in fact biased. See § 2254(e)(1). I disagree. AEDPA requires a habeas court to presume that state court factual findings are correct. § 2254(d)(2); § 2254(e)(1).[1] However, in my January 26 decision, I indicated that the state court of appeals lacked any evidentiary basis for its factual determination that Ehlinger was impartial. As such, the state court's determination was unreasonable. See § 2254(d)(2); Taylor v. Maddox, 366 F.3d 992, 1008 (9th Cir. 2004). However, petitioner would only be entitled to relief if he affirmatively established that his trial counsel was constitutionally ineffective, which would require him to present evidence not available to the state court, including evidence that

---

[1]It is not entirely clear how § 2254(d)(2), which permits a habeas court to grant the writ where a state court's factual determination was unreasonable, works with § 2254(e)(1), which states that a petitioner bears the burden of rebutting a state court's factual determination by clear and convincing evidence. The most prominent view, which I find sensible, is that § 2254(d)(2) governs a habeas court's review of the state court decision in light of the record before the state court while § 2254(e)(1) governs a habeas court's review of evidence never presented to a state court. Randy Hertz and James S. Liebman, Federal Habeas Corpus Practice and Procedure 919-29 (5th ed. 2001).

Ehlinger was in fact biased. Strickland v. Washington, 446 U.S. 668 (1984). As such, I appropriately held a hearing on the issue, at which petitioner faced a "clear and convincing" burden of proof. See § 2254(e)(1). Respondent's contention that a habeas court may not hold a hearing unless the petitioner first affirmatively proves the opposite of the state court's factual determination is untenable. If the truth of a factual matter is ascertainable from the record, then there is no need for a hearing at all. And such a rule would create an impossible burden for a petitioner who failed to obtain a hearing at the state level.

Thus, I turn to the hearing. Petitioner asked his trial counsel, Richard Johnson, why he declined to strike Ehlinger and Johnson stated without hesitation:

> I'll tell you exactly what happened and it's not in the transcript except on page 60. I say 'Can you all give a fair trial to a man accused of shooting a 13 year-old girl? I know some of you have children.'
>
> I recall looking right at Ms. Ehlinger. I know where she was seated even, and she was nodding her head and letting me know very clearly that she would be fair; and that's why I decided not to strike her.

(Hearing Transcript at 25.) Johnson testified that Ehlinger also smiled and thereby gave him a "very positive impression." (Id. at 27.) He explained that in order to prepare for the hearing, he had reviewed the state court of appeals decision, which included a quote of his own questioning of the jury, and that upon seeing the quote he remembered his silent interaction with Ehlinger. (Id. at 25-27.) He further stated that he had a clear memory of Ehlinger sitting in the lower right portion of the jury box, and that the jury chart had confirmed this memory. (Id. at 43-44.) Johnson stated that Ehlinger was brunette, had an average frame, and was well dressed and pleasant looking. (Id. at 45-46.)

I conclude that Johnson's testimony was credible. Johnson is an experienced criminal defense attorney in good standing in this state. He unequivocally testified that

3

Ehlinger indicated to him by nodding her head that she would decide petitioner's case fairly. Johnson further testified that Ehlinger smiled at him and gave him a positive impression. He had a clear memory of the interaction, including details such as Ehlinger's position in the jury box and appearance. Petitioner argues that Johnson did not remember other key portions of the trial and therefore it is incredible that he remembered the nodding. However, Johnson's testimony is understandable; he prepared for the hearing by reviewing materials related to Ehlinger but he did not review other trial materials. In addition, petitioner notes that he asked Johnson about Ehlinger during state post-conviction proceedings and Johnson never mentioned the nodding, and he argues that this implicates Johnson's credibility. However, Johnson explained that he read the relevant portion of the transcript for the first time just days before the hearing, which jogged his memory.

Given my finding that Johnson's testimony was credible, it is clear that Johnson reasonably decided not to strike Ehlinger and therefore petitioner's Strickland claim fails. See Miller v. Francis, 269 F.3d 609, 620 (6th Cir. 2001) (stating that counsel's voir dire choices are entitled to particular deference given their highly subjective nature).

**Therefore,**

**IT IS ORDERED** that Fontaine L. Baker's petition for a writ of habeas corpus is **DENIED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED**.

Dated at Milwaukee, Wisconsin, this 25 day of September, 2007.

/s_____
LYNN ADELMAN
District Judge