# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**FONTAINE L. BAKER,**
        **Petitioner,**

    v.                                       **Case No. 04C0007**

**MICHAEL THURMER,**
        **Respondent.**

## ORDER

On September 25, 2007, I denied Fontaine Baker's petition for a writ of habeas corpus and dismissed his case. The Clerk of Court entered judgment that same day. On October 10, 2007, petitioner filed a motion to amend the pleadings pursuant to Fed. R. Civ. P. 15(b) and to alter the judgment pursuant to Fed. R. Civ. P. 59(a) or 59(e). Petitioner first asks me to allow him to amend his petition to add a new ground for habeas relief, and reopen the case to examine that ground for relief. Alternatively, petitioner asks me to reconsider my determination of the merits of petitioner's original petition and alter the judgment. Rule 59 applies only to a motion filed no later than ten days after the entry of judgment. Because petitioner filed his motion fifteen days after the entry of judgment, I must consider his motion to alter the judgment as one filed under Fed. R. Civ. P. 60(b). Talano v. Northwestern Med. Faculty Found., Inc., 273 F.3d 757, 762 (7th Cir. 2001).

A post-judgment motion filed by a habeas petitioner for the purpose of revisiting the merits of his petition or adding a new ground for habeas relief presents a "second or successive" habeas petition. Gonzalez v. Crosby, 545 U.S. 524, 531-32 (2005); see also Dunlap v. United States, 301 F.3d 873, 875 (7th Cir. 2002). Petitioner's motions attempt both to revisit the merits of his petition and to add a new ground for relief. Thus, it is clear

that I lack jurisdiction to consider the merits of petitioner's motions. 28 U.S.C. § 2244(b)(4); see also Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996); Harris v. Cotton, 296 F.3d 578, 579 (7th Cir. 2002). If petitioner wishes to pursue such claims, he will have to apply to the Seventh Circuit Court of Appeals for permission to do so. § 2244(b)(3).

**Therefore,**

**IT IS ORDERED** that petitioner's motion to amend the pleadings is **DENIED FOR WANT OF JURISDICTION**.

**IT IS FURTHER ORDERED** that petitioner's motion to alter the judgment is also **DENIED FOR WANT OF JURISDICTION**.

Dated at Milwaukee, Wisconsin, this 3 day of December, 2007.

/s_____
LYNN ADELMAN
District Judge