# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

FONTAINE L. BAKER,
        Petitioner,

v.                                         Case No. 04C0007

MICHAEL THURMER,
        Respondent.

## ORDER

On September 25, 2007, I denied Fontaine Baker's petition for a writ of habeas corpus and dismissed his case. The Clerk of Court entered judgment that same day. On October 10, 2007, petitioner filed a motion to amend the pleadings pursuant to Fed. R. Civ. P. 15(b) and to alter the judgment pursuant to Fed. R. Civ. P. 59(a) or 59(e). On December 3, 2007, I found that petitioner's motion was filed more than ten days after the entry of judgment and therefore interpreted his motion as one filed under Fed. R. Civ. P. 60(b). I dismissed it for want of jurisdiction. Petitioner has since filed a motion for reconsideration of my December 3 decision and a notice of appeal along with a motion to proceed in forma pauperis on appeal.

### I. MOTION FOR RECONSIDERATION

Petitioner is correct that I miscalculated the ten-day period following the entry of judgment. I should have considered petitioner's motion under Rule 59 and will do so now.

To the extent that petitioner asked for a simple reconsideration of my denial of his petition, I decline to do so. In his petition, petitioner raised the issue of whether his trial counsel was ineffective for failing to move to strike a juror, Kathleen Ehlinger, who responded to the question of whether she could decide the case impartially with an

equivocation. I ordered a hearing on the issue. At that hearing, petitioner's trial counsel stated that he did not move to strike Ehlinger because she responded to a question posed to the whole jury as to their ability to decide the case impartially by nodding her head and giving petitioner's attorney a positive look. The nod is not on the record, but petitioner testified that he remembered it clearly and remembered that he had an overall favorable impression of Ehlinger. I credited the counsel's testimony and rejected petitioner's claim. Petitioner has not pointed to anything that convinces me that my decision to do so was clouded by any manifest error of law or fact.

Petitioner also makes an unusual request to vacate the judgment, reopen this case and allow him to amend his petition. At the hearing, petitioner's habeas counsel asked his trial counsel about a second juror, Anna Munoz, who had stated that she might have a difficult time deciding the case if she saw pictures of the victim. Petitioner's trial counsel stated that he did not know why he did not move to strike her from the jury. Petitioner asks me to open the judgment under Rule 59 and permit him to amend his petition to add a claim regarding Munoz or a general ineffective assistance claim covering the entirety of voir dire under Rule 15(b)(2) (permitting amendment of pleadings to conform to evidence presented). Assuming that Rule 15(b)(2) applies to a habeas proceeding, there are several problems with petitioner's request. First, respondent did not consent to a trial on the Munoz issue. Second, petitioner procedurally defaulted in the state courts any ineffective assistance claim regarding Munoz or any other juror. Further, it is not clear that I could allow petitioner's proposed amendment to relate back to the filing of the petition so that petitioner escapes a timeliness problem. As such, petitioner's attempt to amend his petition post-judgment is improper and futile and I will not permit him to do so.

2

## II. MOTION TO PROCEED IN FORMA PAUPERIS

Title 28 U.S.C. § 1915(a)(1) authorizes the commencement of an appeal without prepayment of fees by a person who submits an affidavit that includes a statement of all assets he possesses and that he is unable to pay such fees. Section 1915(a)(3) adds that an appeal may not be taken in forma pauperis if the district court certifies in writing that the appeal is not taken in good faith. "Good faith" is an objective standard. Coppedge v. United States, 369 U.S. 438, 446 (1962); Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000). An appeal is taken in "good faith" if it seeks review of any issue that is not clearly frivolous, Coppedge, 369 U.S. at 446; Lee, 209 F.3d at 1026, meaning that a reasonable person could suppose it to have at least some legal merit, Lee, 209 F.3d at 1026; Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). The existence of any nonfrivolous issue on appeal is sufficient to require the court to grant the petition for leave to proceed in forma pauperis. Dixon v. Pitchford, 843 F.2d 268, 270 (7th Cir. 1988).

Petitioner proceeded in forma pauperis at the district court level and it appears that he has taken his appeal in good faith. As such, I will grant petitioner's request to proceed in forma pauperis on appeal.

## III. CONCLUSION

**For the reasons stated,**

**IT IS ORDERED** that petitioner's motion for reconsideration is **GRANTED**.

**IT IS FURTHER ORDERED THAT** petitioner's motions to amend the pleadings and alter the judgment are **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's motion to proceed in forma pauperis is **GRANTED**.

Dated at Milwaukee, Wisconsin, this 25 day of January, 2007.

/s_____
LYNN ADELMAN
District Judge